**SIGNED THIS: March 19, 2013**

_____
**Gerald D. Fines
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| URA L. BONO, | ) Bankruptcy Case No. 12-72070 |
| | ) |
| Debtor. | ) |

OPINION

This matter having come before the Court on Objection to Claim #1 by Illinois National Bank, Answer to Objection to Claim #1, Motion to Avoid Judicial Lien, Objection to Motion to Avoid Judicial Lien, Amended Motion to Avoid Judicial Lien, and Objection to Amended Motion to Avoid Lien filed by Illinois National Bank; the Court, having heard arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1. Debtor filed for relief under Chapter 13 of the Bankruptcy Code on September 15, 2012.

2. At the time of filing for relief under Chapter 13, Illinois National Bank held a claim against the Debtor as a result of a judgment entered by confession against the Debtor on March 16, 2012, in the amount of $352,443.89.

3. On March 26, 2012, Illinois National Bank recorded a Memorandum of Judgment against the Debtor in the Office of the Sangamon County Recorder of Deeds in the amount of $352,443.89.

4. On July 20, 2012, a Judgment of Foreclosure was entered in the State Court against commercial real estate owned by the Debtor, with a foreclosure sale scheduled to occur on September 25, 2012. The foreclosure sale was canceled as a result of the Debtor's Chapter 13 bankruptcy filing on September 15, 2012.

5. On October 4, 2012, Creditor, Illinois National Bank, filed a Motion to Lift Stay and for Abandonment of Property seeking an order from this Court to lift this automatic stay for the purpose of completing a foreclosure sale on the Debtor's commercial real estate located at 2505 South Grand Avenue, Springfield, Illinois.

6. On October 16, 2012, this Court entered an Order indicating that the automatic stay was lifted as to the Debtor's commercial real estate located at 2505 South Grand Avenue, Springfield, Illinois, and that said commercial real estate was abandoned from the Debtor's bankruptcy estate. The Order further provided that any deficiency resulting from the sale of commercial real estate shall be either secured by the Illinois National Bank's judgment lien described in the Motion to Lift Stay and for Abandonment of Property and/or treated as a general unsecured claim, depending on this Court's ruling on the Debtor's Objection to Claim #1 by Illinois National Bank, the Debtor's Motion to Avoid Judicial Lien, and Amended Motion to Avoid Judicial Lien.

7. In addition to the above-described commercial real estate, the Debtor also owns a residence, being a condominium located at #1 Chimney View Lane, Springfield, Illinois. The approximate fair market value of Debtor's residence is $224,000. The only lien against the Debtor's personal residence is the judicial lien resulting from the Memorandum of Judgment recorded with the Office of the Sangamon County Recorder of Deeds by Creditor, Illinois National Bank, on March 26, 2012.

8. In her Objection to Claim #1 by Illinois National Bank, Motion to Avoid Judicial Lien, and Amended Motion to Avoid Judicial Lien, the Debtor seeks to have the claim of Illinois National Bank denied in its entirety based upon a perceived misapplication of her homestead exemption and her position that, pursuant to 11 U.S.C. § 522(f), the judicial lien of Illinois National Bank impairs her homestead exemption.

9. Creditor, Illinois National Bank, has responded to the Debtor's Objection to Claim #1 by Illinois National Bank, the Motion to Avoid Judicial Lien, and Amended Motion to Avoid Judicial Lien. The matter is now ripe for this Court's decision.

Conclusions of Law

The issue before the Court in this matter is governed by 11 U.S.C. § 522(f)(1)(A), which permits a debtor to avoid the fixing of a judicial lien on an interest in the debtor's property, but only to the extent that such lien impairs the debtor's entitlement to an exemption. The purpose of this provision is to enhance a debtor's fresh start. In re Hart, 282 B.R. 70, at 77 (1st Cir. BAP 2002). By stripping off judicial liens that impair the homestead exemption, a debtor is able to realize the benefit of any post-filing appreciation in the value of the property as well as the benefit of creating equity by paying down any prior mortgages. See: In re Meincke, Bankr. Case No. 01-81600, (Bankr. C.D. Ill. 2004). The undisputed facts in this case reveal that the Debtor is entitled to a $30,000 exemption in her homestead pursuant to the provisions of 735 ILCS 5/12-902.

In the Meincke case, Judge Perkins fully discussed the formula to be applied when determining whether a judicial lien should be avoided under the provisions of 11 U.S.C.

§ 522(f)(2)(A), citing with approval In re Kolich, 273 B.R. 199 (8th Cir. BAP 2002) and In re Brantz, 106 B.R. 62 (Bankr. E.D. Pa. 1989). The Brantz Court adopted a formula which is now applied by a majority of Courts, including this one, to determine whether a judicial lien can be avoided pursuant to the provisions of 11 U.S.C. § 522(f)(2)(A). The Brantz Court determined the value of the property, deducted the amount of all liens which were not avoidable, and then deducted the debtor's allowable homestead exemption. Under that formula, if the result is a negative number, the lien is avoided in its entirety; if positive, the lien is not avoidable to that extent. See: Kolich, supra, at 204.

In applying the Brantz formula in this instant case, the Court finds that there are no liens other than the judicial lien of Creditor, Illinois National Bank. Therefore, the Court takes the value of the Debtor's real estate of $224,000, based on the credible evidence, and subtracts the Debtor's $30,000 homestead exemption, leaving a net figure of $194,000. Based upon this calculation, the Court finds that the judicial lien of Illinois National Bank can only be avoided as to any amount exceeding $194,000.

###